# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NATHAN BRYANT, SR,
                Appellant,

       v.

DEPARTMENT OF DEFENSE,
                Agency.

DOCKET NUMBER
DC-315H-14-0316-I-1

DATE: August 15, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Nathan Bryant, Sr.</u>, Washington, D.C., pro se.

<u>Steven J. Weiss</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal of his probationary termination for lack of jurisdiction. Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2  Effective January 14, 2013, the agency appointed the appellant to a competitive service position as a Maintenance Mechanic, a career-conditional appointment subject to a 1-year probationary period. Initial Appeal File (IAF), Tab 4 at 12-14. On January 9, 2014, prior to the completion of the 1-year probationary period, the agency terminated the appellant based on post-appointment conduct and performance deficiencies. IAF, Tab 1 at 7-8, Tab 4 at 11.

¶3  The appellant filed a timely appeal challenging his probationary termination. IAF, Tab 1. The administrative judge issued an order to show cause that apprised the appellant of his burden to establish the Board's jurisdiction over his appeal, including notice of the regulatory right to appeal available for probationary employees and the requirements for meeting the definition of an "employee" with appeal rights pursuant to 5 U.S.C. chapter 75. IAF, Tab 3. The appellant did not respond to the show cause order. *See* IAF, Tab 5, Initial

Decision (ID) at 2. The agency responded to the show cause order, arguing that the appeal should be dismissed for lack of jurisdiction. IAF, Tab 4.

¶4        On April 11, 2014, the administrative judge issued an initial decision, without holding the appellant's requested hearing, dismissing the appeal for lack of jurisdiction. ID at 2-3. The administrative judge found that: (1) the appellant failed to allege a nonfrivolous allegation that he was an "employee" with statutory Board appeal rights; and (2) he had not raised any claim implicating partisan political reasons, marital status, or conditions arising prior to his appointment as considerations in the agency's decision to terminate his employment. *Id.*

¶5        On May 6, 2014, the appellant filed a new appeal form, which has been accepted as a timely petition for review.[2] Petition for Review (PFR) File, Tab 1. The agency responded in opposition to the appellant's petition. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6        Generally, the Board lacks jurisdiction over a probationary employee's appeal from a termination during the probationary period. *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 8 (2010). To establish Board jurisdiction under 5 U.S.C. chapter 75, an individual must, among other things, show that he satisfies one of the definitions of "employee" in 5 U.S.C. § 7511(a)(1). 5 U.S.C. § 7513(d); *see Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013). For an individual in the competitive service, like the appellant, this means that he must either: (1) not be serving a probationary or trial period under an initial appointment, or (2) have completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A). *Id.* Individuals in the competitive service who do not satisfy

---

[2] The appellant filed the new appeal form with the Board's Washington Regional Office. PFR File, Tab 1. That office forwarded the submission to the Clerk of the Board. *Id.*

either definition may nevertheless have the right to appeal a termination to the Board where: (1) the employee was discriminated against based on his marital status; (2) the agency action was based on partisan political reasons; or (3) the agency action was based (in whole or in part) on pre-appointment reasons and the agency did not follow the procedures of 5 C.F.R. § 315.805. 5 C.F.R. § 315.806(a)-(c). Absent nonfrivolous allegations by an appellant, there is no right to a hearing on the threshold issue of jurisdiction. *See Campion v. Merit Systems Protection Board*, 326 F.3d 1210, 1215 (Fed. Cir. 2003).

¶7        On review, the appellant does not challenge the administrative judge's determination that he was not an "employee" within the meaning of 5 U.S.C. § 7511(a)(1) or that the termination was not based on partisan political reasons, marital status discrimination, or conditions arising before appointment. PFR File, Tab 1; *see* ID at 3. Rather, the appellant reiterates the arguments on the merits of his probationary termination. *Id*. Specifically, he asserts that: (1) his supervisor's allegations regarding his conduct and performance were "false"; (2) the agency did not provide documentation in support of his termination; (3) he did not receive a hearing; (4) his supervisor "strategically terminated" his employment 6 days prior to completing his probationary term; (5) he was subjected to a hostile work environment; and (6) he was forced to work in pain and his supervisor discouraged him from filing with the Office of Workers' Compensation Program. *Id*.

¶8        As the administrative judge correctly found, the appellant's arguments do not constitute a nonfrivolous allegation that he was an "employee" under 5 U.S.C. § 7511(a)(1) or that his termination involved partisan political reasons, marital status discrimination, or conditions arising prior to his appointment.[3] PFR File,

---

[3] The appellant alleges, in part, that he was subjected to a hostile work environment and discriminatory harassment by his supervisor. PFR File, Tab 1. However, in the absence of an otherwise appealable action, the Board lacks jurisdiction to review these allegations. *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

Tab 1; *see* ID at 3. Accordingly, the administrative judge properly found that the appellant failed to raise a nonfrivolous allegation of jurisdiction. We discern no reason to disturb the administrative judge's determination that the appellant's appeal is not within the Board's jurisdiction.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.